Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000982
08-MAR-2013
09:11 AM

NO. CAAP-12-0000982

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


GAIVIN ALAO and GEMMA ABELLA ALAO,
Plaintiffs-Appellants,
v.
ONEWEST BANK FSB;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-2746)


ORDER GRANTING JANUARY 24, 2013 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Foley and Ginoza, JJ.)

Upon review of (1) Defendants/Counterclaim-Plaintiffs/
Appellees Onewest Bank FSB and Mortgage Electronic Registration
Systems, Inc.'s (collectively "Appellees") January 24, 2013
motion to dismiss appellate court case number CAAP-12-0000982 for
lack of appellate jurisdiction (Motion To Dismiss),
(2) Plaintiffs/Counterclaim-Defendants/Appellants Gaivin Alao and
Gemma Abella Alao's (collectively "the Alao Appellants") February
3, 2013 memorandum in opposition to Appellees' Motion To Dismiss,
and (3) the record, it appears that we lack jurisdiction over the
Alao Appellants' appeal from the Honorable Patrick W. Border's
October 5, 2012 memorandum opinion granting Appellees' motion to

disqualify the Dubin Law Offices as counsel for the Alao Appellants (hereinafter "the October 5, 2012 interlocutory disqualification order"), because the circuit court has not yet entered an appealable final judgment in this case, as Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2012) and Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) require for an appeal under the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals only from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on <u>Jenkins</u> and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." <u>Carlisle v. One (1) Boat</u>, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." <u>Jenkins</u>, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted).

The October 5, 2012 interlocutory disqualification order is not a final judgment, but instead, it is an interlocutory order disqualifying the Dubin Law Offices from representing the Alao Appellants in this case. The October 5, 2012 interlocutory disqualification order is not certified for interlocutory appellate review pursuant to HRS § 641-1(b). On

2

December 19, 2012, the circuit court clerk filed the record on appeal for CAAP-12-0000982, at which time the record on appeal did not contain an appealable final judgment. Therefore, the October 5, 2012 interlocutory disqualification order is not appealable unless it qualifies under one of the few exceptions to the requirement for final judgment.

As the Supreme Court of Hawaiʻi has explained, an order granting or denying a motion to disqualify a party's counsel

> d[oes] not determine the merits of the case, and it can be final for the purpose of appeal <u>only if</u> it comes within the collateral order doctrine of <u>Cohen v. Beneficial Loan Corp.</u>, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949), embracing "that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."

<u>Gomes v. Kauwe's Heirs</u>, 52 Haw. 126, 127, 472 P.2d 119, 120 (1970) (emphasis added) (holding than an order denying a motion to disqualify counsel is not appealable as a matter of right); <u>Chuck v. St. Paul Fire and Marine Ins. Co.</u>, 61 Haw. 552, 556-57, 606 P.2d 1320, 1323-24 (1980) (holding that an order granting a motion to disqualify counsel is not appealable as a matter of right). "In order to fall within the narrow ambit of the collateral order doctrine, the order must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." <u>Siangco v. Kasadate</u>, 77 Hawaiʻi 157, 161, 883 P.2d 78, 82 (1994) (citations and internal quotation marks omitted; original brackets).

The Supreme Court of Hawaiʻi has held that the collateral order doctrine does not apply to an order <u>denying</u> a motion to disqualify counsel:

> In this case, we do not think that appellants will suffer immediate and irreparable injury by a denial of their appeal. If the circuit court erred, that question may be

3

> raised on appeal from judgment on the merits. . . . . To
> allow appeals from all orders denying disqualification of
> attorneys will invite delay by piecemeal appeals.

Gomes v. Kauwe's Heirs, 52 Haw. at 127, 472 P.2d at 120
(citations omitted); see also Wong v. Fong, 60 Haw. 601, 604, 593
P.2d 386, 389 (1979). Likewise, the Supreme Court of Hawai'i has
also specifically held that the collateral order doctrine does
not apply to an order granting a motion to disqualify counsel,
because, among other things, the aggrieved party may either (1)
seek permission from the circuit court for an interlocutory
appeal by way of HRS § 641-1(b) (1993 & Supp. 2012) so that the
circuit court can decide whether to incur the added expense and
disruptive delay of an interlocutory appeal or (2) petition the
Supreme Court of Hawai'i for a writ of mandamus. Chuck, 61 Haw.
at 556-57, 606 P.2d at 1323-24.

> We have already held, however, that orders denying
> disqualification are interlocutory and hence not appealable
> as of right under the rule, Gomes v. Heirs of Kauwe, 52 Haw.
> 126, 472 P.2d 119 (1970), and while a distinction could be
> drawn between an order denying and an order granting
> disqualification, we are not of the view that appeal from
> the latter order should be accorded as a matter of right.
> The Cohen rule was intended by the Supreme Court to apply
> only to those cases which were too important to be denied
> review through the appellate process, and we are reluctant,
> at least insofar as it concerns attorney disqualifications,
> to expand the doctrine much beyond that which necessitated
> its formulation in the first instance.
>
> We recognize, of course, the importance of a party's
> right to be represented by his chosen counsel, and we are
> not unmindful of the inconvenience that may be visited upon
> him by reason of his counsel's disqualification. But the
> party whose counsel is disqualified is not without some
> means of judicial review. He may move the trial court for
> permission to take an interlocutory appeal. HRS s 641-1.
> And while the motion would be addressed to the sound
> discretion of the trial court, the process does enable the
> trial court to perform the important and necessary function
> of isolating cases meriting appellate review from those that
> would result in unnecessary expense and delay. Automatic
> appeal, as of right, in every case of counsel
> disqualification would preclude the utilization of this
> salutary procedural screening device.
>
> The trial court, being intimately familiar with the
> nature and course of the litigation, is in the best possible
> position to determine whether special circumstances exist to

> warrant interlocutory appellate review of the attorney's
> disqualification.  Failing in his efforts to obtain
> interlocutory review, the party affected by the
> disqualification may still petition this court for a writ of
> mandamus to direct the trial court to set aside its order of
> disqualification. Cf. Wong v. Fong, 60 Haw. 601, 593 P.2d
> 386 (1979).

Id. at 556-57, 606 P.2d at 1323-24 (footnotes omitted); see also

Straub Clinic & Hospital v. Kochi, 81 Hawai'i 410, 414, 917 P.2d

1284, 1288 (1996) ("This court has determined that a petition for

a writ of mandamus and/or prohibition is an appropriate vehicle

for reviewing an order of disqualification." (Citation

omitted)).  Under the holding in Chuck, the collateral order

doctrine does not apply to the October 5, 2012 interlocutory

disqualification order.

The Alao Appellants additionally appear to assert that

the October 5, 2012 interlocutory disqualification order is

somehow appealable under the Forgay doctrine that was based on

the United States Supreme Court's holding in Forgay v. Conrad, 47

U.S. 201 (1848), and adopted by the Supreme Court of Hawai'i in

Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995).

Under the Forgay doctrine, an appellate court "ha[s] jurisdiction

to consider appeals from judgments which [1] require immediate

execution of a command that property be delivered to the

appellant's adversary, and [2] the losing party would be

subjected to irreparable injury if appellate review had to wait

the final outcome of the litigation."  Id. (citations, internal

quotation marks omitted, some brackets omitted, some brackets

added).  However, the Forgay doctrine clearly does not apply to

the October 5, 2012 interlocutory disqualification order, because

the October 5, 2012 interlocutory disqualification order does not

require the immediate execution of a command that property be

delivered to the Alao Appellants' adversary.

Absent an appealable final judgment, we lack appellate

jurisdiction to review the October 5, 2012 interlocutory

disqualification order, and the Alao Appellants' appeal is premature. Therefore,

IT IS HEREBY ORDERED that Appellees' January 24, 2013 Motion To Dismiss appellate court case number CAAP-12-0000982 for lack of appellate jurisdiction is granted, and appellate court case number CAAP-12-0000982 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, March 8, 2013.

Chief Judge

Associate Judge

Associate Judge

6